## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MARYUM AUTUMN TAHIRKHELI,    ) <br>       Plaintiff,   ) <br>    ) <br> vs.   ) <br>    ) <br> CITY OF PITTSBURG, KANSAS,   ) <br> PITTSBURG POLICE DEPARTMENT,   ) <br> FREDERICK R. SMITH, in his official   ) <br> and personal capacity,   ) <br> JOHN G. MAZUREK, in his official and   ) <br> personal capacity,   ) <br> RYAN DEAL, in his official and personal ) <br> capacity,   ) <br> and ASHTON MERANDO, in her official ) <br> and personal capacity,   ) <br>       Defendants.   ) | CASE NO.: |

_____

## VERIFIED COMPLAINT

Comes now Plaintiff, Maryum Autumn Tahirkheli, and for her claim against the Defendants states as follows.

## NATURE OF ACTION

The action is against the City of Pittsburg, Kansas and local officials pursuant to 42 U.S.C. § 1983, 1985 and 1988 and states claims to redress the violations of Plaintiff's constitutional rights by the Defendants. Specifically, Pittsburg City Judge, Frederick R. Smith, Pittsburg City Prosecutor, John G. Mazurek, the Pittsburg Police Department, and Crawford County jail

supervisor, Ryan Deal, and correctional guard, Ashton Merando, together conspired to deprive Plaintiff of her constitutionally protected rights, including the custody of her minor child.

The city judge, Frederick R. Smith, represented the minor child's father in a contentious custody case against Plaintiff, and the Pittsburg Police Department consistently harassed Plaintiff on behalf of the minor child's father. In May 2024, the Pittsburg Police Department, on false pretenses, broke into Plaintiff's house without a warrant, arrested her at gunpoint and kept her in jail for two days without any official charges and took her minor child to the child's father.

When Plaintiff was taken to jail by the Pittsburg Police Department, the Pittsburg City Prosecutor, John G. Mazurek, also began representing the minor child's father. And for his representation, John Mazurek used federal grant money earmarked for families in need, so the child's father would not have to pay John Mazurek attorney fees, even though, the father was not an indigent, and this was a private civil case. Therefore, John Mazurek misappropriated federal grant money for personal gain and to use it against Plaintiff.

At the jail, the jail supervisor, Ryan Deal, and jail guard, Ashton Merando, placed Plaintiff in fear of great bodily harm by encouraging other

inmates to attack her, by threatening her, and by placing Plaintiff in a cell without intercom communication so when she was attacked the jail guards will have an excuse not to intervene for the Plaintiff's safety.

The Pittsburg Police Department published derogatory information about the Plaintiff and provided such information to media outlets to publicly humiliate her and place her in danger of attack and to keep her from obtaining gainful employment.

Plaintiff's constitutional right to be free, right to be secure in her house, right to her privacy, right to be a parent, and right to be safe and secure in her person were purposefully and maliciously violated by the Defendants.

## **PARTIES**

1.     Plaintiff – Maryum Autumn Tahirkheli, 711 N. Chestnut Street, Pittsburg, Kansas 66762, a resident of Crawford County, Kansas.

2.     Defendant – City of Pittsburg– 201 W. 4th Street, Pittsburg, Kansas 66762.

3.     Pittsburg Police Department—201 W. 4th Street, Pittsburg, Kansas 66762.

4.     Defendant – Frederick R. Smith, municipal judge for the City of Pittsburg, Kansas, in his official and personal capacity – 201 W. 4th Street, Pittsburg, Kansas 66762.

5.    Defendant – John G. Mazurek, City Prosecutor, for the City of Pittsburg, Kansas, in his official and personal capacity – 201 W. 4th Street, Pittsburg, Kansas 66762.

6.    Defendant – Ryan Deal, the Crawford County Jail supervisor in his official and personal capacity – 225 Enterprise Street, Girard, Kansas 66743.

7.    Defendant – Ashton Merando - Crawford County correctional officer in her official and personal capacity – 225 Enterprise Street, Girard, Kansas 66743.

## JURISDICTION AND VENUE

8.    This Court possesses subject matter jurisdiction to hear these claims pursuant to 28 U.S.C. § 1343 and 28 U.S.C. § 1331.

9.    Plaintiff's state law claims arise under the laws and Constitution of the State of Kansas over which this Court may exercise supplemental jurisdiction, pursuant to 28 U.S.C. §1367.

10.    The amount in controversy exceeds $75,000.00 exclusive of costs and interests for Plaintiff.

11.    Venue is proper as all claims occurred in the State of Kansas and the conduct of the Defendants occurred in Crawford County, Kansas.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

12.     At the time of this incident, Plaintiff was involved in a contentious custody battle with the father of Plaintiff's minor child.

13.     The minor child's father was represented by Frederick R. Smith, who is also the municipal judge for the City of Pittsburg, Kansas.

14.     The Pittsburg Police often contacted Plaintiff and threatened her with various charges when the child's father would lodge unfounded complaints against Plaintiff, but when the father refused to return the child after the father's visitation time, and Plaintiff tried to ask for police assistance, the Pittsburg Police refused to help or intervene.

15.     When Plaintiff filed a contempt action against the father for failing to return the child, the Pittsburg Police refused to serve him with the show cause order.

16.     On May 23, 2024, at approximately 10 p.m., Plaintiff took her 3-year-old daughter to the Ascension Via Christi Hospital (Hospital) emergency center because Plaintiff, a single mother, had woken up to the minor child screaming, and Plaintiff was concerned that her daughter had fallen or hurt herself.

17.     At the Hospital, Plaintiff was asked if the minor child could have ingested something while Plaintiff was sleeping.

18.     Plaintiff provided the Hospital staff with all the things that she could think of that were in the house that the minor child could have ingested even if the possibility was remote.

19.     During this inquiry, Plaintiff provided the Hospital with a box of a sleep aid "gummy" that she had legally purchased in Kansas. Specifically, Plaintiff advised Hospital staff that the sleep aid was purchased at a store in Pittsburg, Kansas. Plaintiff told Hospital staff that she had one like that at home, and she had taken half the "gummy" to help her sleep, and she had wrapped the other half in paper and placed it in the box on a high shelf, well out of the reach of the minor child.

20.     Plaintiff did not look at the box on the high shelf before leaving the house for the Hospital with the minor child.

21.     Upon hearing this information, Ascension Via Christi emergency room doctor, Kathryn M. Cornelius, M.D. (Cornelius), immediately accused the Plaintiff of buying legal marijuana in Missouri and bringing marijuana to Kansas where it is illegal to buy or possess.

22.     Based on the hospital records, the minor child's blood was tested, and the test results showed no signs of THC.

23.     Cornelius, or the Hospital staff, did not tell the Plaintiff about the blood test results.

24.     After the blood test returned as negative, and after more than an hour had passed, Hospital medical records, although unclear and unauthenticated, indicate that Cornelius then ordered that a urine sample be obtained from the minor child using a catheter, a painful, completely unnecessary procedure, for a 3-year-old child.

25.     At some later time, a handwritten document was created by an unknown person at the Hospital alleging the minor child's urine test was positive for THC.

26.     After staying in the Hospital for nearly 6 hours, and being ignored and told nothing about the tests, diagnosis, or treatment of the minor child, and after the minor child was awake and acting normal and was insisting that she be taken home, Plaintiff decided to leave the Hospital and informed the Hospital staff that they were leaving.

27.     Cornelius then confronted Plaintiff for the second time and told her that if she left the Hospital with the minor child, Cornelius would call the police.

28.     During the second confrontation, Cornelius told Plaintiff the minor child's urine had tested positive for THC but did not show any test results to Plaintiff despite Plaintiff requesting to see the test results.

29.     Plaintiff left the Hospital with her minor child because Plaintiff believed she had a right to refuse to stay in the hospital especially since no treatment was being provided to the minor child.

30.     Cornelius then instructed the Hospital staff to call Pittsburg Police Department.

31.     Plaintiff, after leaving the Hospital, went to a friend's house, Kayla Taylor (Kayla), so Plaintiff could rest after a long night in the Hospital and have Kayla help Plaintiff with the minor child.

32.     The Plaintiff returned to her house to gather the necessities for the child while the child slept at Kayla's house.

33.     In the early morning hours of May 24, 2024, the Pittsburg Police Department went to child's paternal grandmother, (who had been actively engaged in harassing Plaintiff) and told paternal grandmother the Pittsburg Police planned to take the child from Plaintiff, and give her to the child's father, therefore, paternal grandmother and the father needed to go to the hospital to take the minor child.

34.     Pittsburg Police then gathered in front of Plaintiff's house and started banging on the door, and when Plaintiff did not answer her door, Pittsburg Police broke into her house under false pretense that the child's *blood* test showed high levels of THC.

8

35.    When Pittsburg Police kicked in Plaintiff's door and entered her home with guns drawn, Pittsburg Police learned that Plaintiff was talking to her mother on the phone in her basement, Pittsburg Police forcibly snatched the phone from Plaintiff and handcuffed her.

36.    Pittsburg Police then took Plaintiff out of her home and repeatedly accused Plaintiff of hurting her child and threatened Plaintiff with charges and prison time.

37.    Plaintiff told Pittsburg Police that the child was at Kayla's house and provided Kayla's address.

38.    Pittsburg Police went to Kayla's house, took the child from Kayla, and had an ambulance transport the child to the Hospital to the father and paternal grandmother.

39.    When Plaintiff was being transported to jail, the jail staff told Pittsburg Police dispatch that the jail staff knew what was taking place with Plaintiff, were "monitoring" the situation, and were waiting for her to arrive at the jail.

40.    When Plaintiff arrived at the jail, she was told that the other inmates were going to beat her up because they knew she was charged with hurting her child.

41.   Ryan Deal, the jail supervisor allowed jail staff, specifically, Ashton Merando, to actively incite other inmates to beat Plaintiff by telling the other inmates that she deserved it.

42.   Plaintiff had to get money from her parents in her jail account so she could allow other inmates to use the money so that they would leave her alone and not beat her.

43.   Plaintiff was placed with other inmates in a jail cell that had a malfunctioning communication intercom so if Plaintiff was attacked the jail guards would have an excuse to ignore the situation.

44.   Diann Gambill is a grant worker with City of Pittsburg's Family Response Advocate Program funded by Children's Bureau of Child Abuse Prevention, a federal agency, and is housed in the Pittsburg Police Department.

45.   The federal grant money is to help families in need of financial aid that cannot afford the basic necessities for their children.

46.   On May 24, 2024, after Plaintiff was arrested, Diann Gambill was dispatched to the Hospital to tell the child's father that he could receive free legal assistance under the federal grant from John G. Mazurek (Mazurek), the City of Pittsburg prosecutor, even though father was already being represented by Frederick R. Smith (Smith), the judge for the City of Pittsburg.

47.   The child's father did not qualify for federal grant money earmarked for families in need as the father has stated that he earns $53,000 annually plus bonuses with only one dependent, and the federal grant money is not for funding private civil litigation of legal custody disputes.

48.   Mazurek, along with Smith, took on the representation of the father in his child custody case against Plaintiff, using the federal grant money so the father did not have to pay Mazurek.

49.   Therefore, Mazurek misappropriated federal grant money, provided for poor and needy families, for his personal gain.

50.   Mazurek spent the entire day on Friday, May 24, 2024, emailing every judge in the judicial district requesting *Ex Parte* orders granting Mazurek's client, the child's father, sole custody of the child, and to terminate Plaintiff's parenting time.

51.   Mazurek knew that the minor child's father was previously charged with domestic battery in the Pittsburg Municipal Court against the mother of an older minor child, and that the father had not been involved in the pregnancy, birth, or subsequent care of Plaintiff's minor child for up to a year after the child's birth.

52.   Mazurek nevertheless requested *Ex Parte* orders terminating Plaintiff's contact with her child and later requested that the minor child's name be changed.

53.     Furthermore, on May 24, 2024, the City of Pittsburg and Pittsburg Police Department published wrongful and malicious allegations about Plaintiff's arrest, along with Kayla's address, on the Pittsburg Police Facebook page, the City of Pittsburg webpage, and Pittsburg Police Instagram, and provided the information to KOAM News and KZRG News for publication on both news stations' media outlets.

54.     Those published wrongful and malicious allegations still remain on those sites for public consumption to continue to humiliate not only Plaintiff but Kayla for helping Plaintiff.

55.     After two days of incarceration, Plaintiff was released with no charges, but the jail staff purposefully delayed Plaintiff's release until the person waiting to take her home had to leave, and Plaintiff was left with a dead cell phone, so Plaintiff was forced to walk 2 miles in slippers to the nearest town to seek help from strangers.

56.     After her release from jail, Plaintiff was not allowed to see her child at first but was eventually allowed limited contact with her child; a child that she has raised as a single parent from birth, traumatizing both Plaintiff and the child.

57.     On June 5, 2024, on the day Plaintiff's custody trial was set, in an effort to intimidate Kayla to keep her from testifying as Plaintiff's witness, the Pittsburg Police came to Kayla's house at 2:00 a.m.

58.     Pittsburg Police arrested Kayla in those early morning hours for an outstanding misdemeanor warrant for a failure to appear that was active on May 24, 2024, when Pittsburg Police went to her home for the Plaintiff's minor child

59.     Pittsburg Police then accused Kayla of obstructing law enforcement on May 24, 2024, for assisting Plaintiff by keeping Plaintiff's minor child.

60.     Before Kayla's City of Pittsburg municipal court trial on misdemeanor charges, a motion to recuse pursuant to Kansas Rules of Professional Conduct Rule 1.11 and 1.12 was filed by counsel on behalf of Kayla for Mazurek, City of Pittsburg municipal court prosecutor and Smith, City of Pittsburg municipal court judge, to recuse themselves from Kayla's case, as Kayla was a witness in the civil custody case for Plaintiff, in which Mazurek was the attorney for the minor child's father, and Smith, prior attorney for the minor child's father.

61.     The motion was denied by Smith, and Kayla was tried by Mazurek, and convicted and sentenced by Smith.

62.     Plaintiff's counsel scheduled a deposition of Cornelius to gather information to assist the Plaintiff in contesting the father's motion to modify custody initiated by Cornelius' actions on May 24, 2024, however, Cornelius,

despite personal service of subpoena issued by the District Court, did not appear.

63.     Because of these wrongful, false, and malicious allegations, Plaintiff has lost her employment as a certified nursing assistant (CNA) in a nursing home, and is now unable to use her CNA certification; has had to pay for supervised visits with her minor child; has suffered two days of incarceration where Plaintiff was threatened and placed in constant fear for her safety and her life by the other inmates and jail staff; has suffered and continues to suffer public humiliation because the City of Pittsburg and Pittsburg Police Department placed her under arrest and initiated false allegations on Pittsburg Police Facebook page and other social media sites, and the local news media published the false allegations about Plaintiff on media websites; and has suffered and continues to suffer from emotional distress and pain causing Plaintiff to seek medical treatment for her mental health and to deal with this continuing trauma.

## COUNT I: VIOLATION OF THE FOURTH AMENDMENT AND PROCEDURAL DUE PROCESS UNDER FIFTH AMENDMENT THROUGH FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

64.     Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 63 as if fully set forth herein.

65.     Defendants, each of them, as employees and/or agents of the City of Pittsburg, and some herein as listed in their personal capacity, undertook the actions willingly, knowingly, and maliciously described herein under the color and authority of law, and engaged in said conduct with knowledge that clearly established law was and is contrary to their conduct, and they did so for the purpose to deprive Plaintiff of her fundamental constitutional rights by: 1) by using law enforcement to harass Plaintiff for personal gain in a civil case; 2) by breaking and entering into Plaintiff's house without a warrant; 3) by arresting Plaintiff without legal cause; 4) by keeping Plaintiff in jail for two days without legal cause; 5) by taking Plaintiff's child away from Plaintiff without legal justification; 6) by inciting inmates to hurt Plaintiff; and 7) by placing Plaintiff's private and protected information on public sites to humiliate Plaintiff and to expose Plaintiff to public ridicule and anger, and to deprive Plaintiff of a livelihood and the ability to obtain a livelihood.

66.     The Fourteenth Amendment prohibits the public officials from using their office to deprive any person of life, liberty, or property, without due process of law. U.S. Const., amend. 14, § 1.

67.     As a result of the joint and individual Defendants' conduct, Plaintiff has been damaged monetarily in an amount in excess of $75,000.00 and has suffered and continues to suffer mental anguish, humiliation, and mental pain and suffering.

68.     Defendants' conduct constitutes willful and malicious violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 for which Plaintiff is entitled to recover nominal, actual, compensatory, or punitive damages as well as reasonable attorney's fees under 42 U.S.C. § 1988.

69.     WHEREFORE, Plaintiff prays for judgment against all Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law; against Mazurek for prospective injunctive relief through a cease and desist order, ordering Mazurek to stop using federal public funds for personal gain and for conducting a private custody case against Plaintiff; and pursuant to 42 U.S.C. § 1988, Plaintiff seeks and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

**COUNT II: VIOLATION OF THE FOURTH AMENDMENT AND SUBSTITIVE DUE PROCESS UNDER THE FIFTH AMENDMENT THROUGH FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION**

70.     Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 69 as if fully set forth herein.

71.     Defendants, each of them, as employees and/or agents of the City of Pittsburg, and some herein as listed in their personal capacity, undertook the actions willingly, knowingly, and maliciously described herein under the

color and authority of law, and engaged in said conduct with knowledge that clearly established law was and is contrary to their conduct, and they did so for the purpose to deprive Plaintiff of her fundamental constitutional rights by: 1) by using law enforcement to harass Plaintiff for personal gain in a civil case; 2) by breaking and entering into Plaintiff's house without a warrant; 3) by arresting Plaintiff without legal cause; 4) by keeping Plaintiff in jail for two days without legal cause; 5) by taking Plaintiff's child away from Plaintiff without legal justification; 6) by inciting inmates to hurt Plaintiff; and 7) by placing Plaintiff's private and protected information on public sites to humiliate Plaintiff and to expose Plaintiff to public ridicule and anger, and to deprive Plaintiff of a livelihood and the ability to obtain a livelihood.

72.    The Fourteenth Amendment prohibits the public officials from using their office to deprive any person of life, liberty, or property, without due process of law. U.S. Const., amend. 14, § 1.

73.    As a result of the joint and individual Defendants' conduct, Plaintiff has been damaged monetarily in an amount in excess of $75,000.00 and has suffered and continues to suffer mental anguish, humiliation, and mental pain and suffering.

74.    Defendants' conduct constitutes willful and malicious violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 for which Plaintiff is

entitled to recover nominal, actual, compensatory, or punitive damages as well as reasonable attorney's fees under 42 U.S.C. § 1988.

75.    WHEREFORE, Plaintiff prays for judgment against all Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law; against Mazurek for prospective injunctive relief through a cease and desist order, ordering Mazurek to stop using federal public funds for personal gain and for conducting a private custody case against Plaintiff; and pursuant to 42 U.S.C. § 1988, Plaintiff seeks and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT III: CIVIL CONSPIRACY UNDER 42 U.S.C. § 1985

76.    Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 75 as if fully set forth herein.

77.    Defendants, each of them, undertook under the color of law, the deprivation of Plaintiff's constitutionally protected rights.

78.    Upon information and belief, Defendants conspired and acted in furtherance of a conspiracy to intentionally, under the color of law, harass Plaintiff by threatening, arresting, incarcerating, and humiliating Plaintiff, take away Plaintiff's minor child and deprive Plaintiff of her fundamental constitutional rights.

18

79. Defendants' conduct in furtherance of their conspiracy constitutes a violation of Plaintiffs' procedural and substantive due process rights as described in Counts I and II, in violation of 42 U.S.C. § 1983.

80. Defendants, each of them, as employees and/or agents of the City of Pittsburg, and some herein as listed in their personal capacity, undertook the actions willingly, knowingly, and maliciously described herein under the color and authority of law, and engaged in said conduct with knowledge that clearly established law was and is contrary to their conduct, and they did so for the purpose to deprive Plaintiff of her fundamental and constitutional rights by: 1) by using law enforcement to harass Plaintiff for personal gain in a civil case; 2) by breaking and entering into Plaintiff's house without a warrant; 3) by arresting Plaintiff without legal cause; 4) by keeping Plaintiff in jail for two days without legal cause; 5) by taking Plaintiff's child away from Plaintiff without legal justification; 6) by inciting inmates to hurt Plaintiff; and 7) by placing Plaintiff's private and protected information on public sites to humiliate Plaintiff and to expose Plaintiff to public ridicule and anger, and to deprive Plaintiff of a livelihood and the ability to obtain a livelihood.

81. The Fourteenth Amendment prohibits public officials from using their office to deprive any person of life, liberty, or property, without due process of law. U.S. Const., amend. 14, § 1.

82.     Defendants' conduct constitutes willful and malicious violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 for which Plaintiff is entitled to recover nominal, actual, compensatory, or punitive damages as well as reasonable attorney's fees under 42 U.S.C. § 1988.

83.     WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law; for prospective injunctive relief against Mazurek through a cease and desist order, ordering Mazurek to stop using federal public funds for personal gain and for conducting a private custody case against Plaintiff; and pursuant to 42 U.S.C. § 1988, Plaintiff seeks and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT IV: VIOLATION OF LIBERTY INTEREST IN VIOLATION OF THE FOURTEENTH AMENDMENT

84.     Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 83 as if fully set forth herein.

85.     Defendants engaged in the deprivation of Plaintiff's rights without appropriate due process with knowledge that Plaintiff's liberty interest is a clearly established right and that the clearly established law required procedural and substantive due process to allow Plaintiff the

20

opportunity to engage in a meaningful, fair hearing with some level of discovery. Defendants, each of them, undertook under the color of law, the deprivation of Plaintiff's constitutionally protected right to be free.

86.     The Fourteenth Amendment prohibits public officials from using their office to deprive any person of life, liberty, or property, without due process of law. U.S. Const., amend. 14, § 1.

87.     Defendants' conduct constitutes willful and malicious violations of Plaintiff's constitutional rights under 42 U.S.C. § 1983 for which Plaintiff is entitled to recover nominal, actual, compensatory, or punitive damages as well as reasonable attorney's fees under 42 U.S.C. § 1988.

88.     WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and pursuant to 42 U.S.C. § 1988, Plaintiff seeks and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT V: CIVIL CONSPIRACY UNDER 42 U.S.C. § 1985 FOR VIOLATION OF LIBERTY INTEREST IN VIOLATION OF THE FOURTEENTH AMENDMENT

89.     Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 88 as if fully set forth herein.

90.    Defendants, each of them, undertook under the color of law, the deprivation of Plaintiff's constitutionally protected right.

91.    These individual Defendants conspired and took action in furtherance of the conspiracy to deprive Plaintiff of her liberty interest.

92.    Each action of each co-conspirator in furtherance of the conspiracy is imputed to all others in the conspiracy.

93.    As the result of the individual Defendants' conduct, each of them, Plaintiff has been damaged in a monetary amount in excess of $75,000.00 and has suffered and continues to suffer mental anguish, humiliation, mental pain and suffering.

94.    The individual Defendants' collective conduct constitutes a willful and malicious violation of Plaintiff's rights under 42 U.S.C. § 1983 for which Plaintiff is entitled to recover nominal, actual, compensatory, and punitive damages.

95.    The individual Defendants' conduct in furtherance of their conspiracy constitutes a violation of Plaintiff's liberty interest and failure to provide adequate procedural and substantive due process as described herein, in violation of 42 U.S.C. § 1983.

96.    WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and pursuant to

42 U.S.C. § 1988, Plaintiff seeks and requests recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT VI: VIOLATION OF EQUAL PROTECTION RIGHTS IN VIOLATION OF THE FOURTEENTH AMENDMENT

97.   Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 96 as if fully set forth herein.

98.   The Equal Protection Clause of the Fourteenth Amendment guarantees all persons in the United States, including prisoners, "the equal protection of the laws." U.S. Const. amend. XIV.

99.   The individual Defendants, each of them, as employees and/or agents of the City of Pittsburg, Kansas, and Crawford County jail, undertook the actions described herein under the color and authority of law.

100.   Defendants engaged in the violation of Plaintiff's Equal Protection Rights without appropriate due process and with knowledge that Plaintiff's Equal Protection Rights are clearly established and that the clearly established law required procedural and substantive due process to allow Plaintiff the opportunity to engage in a meaningful hearing with some level of discovery.

101.   As the result of the individual Defendants' conduct, each of them, Plaintiff has been damaged monetarily in an amount in excess of $75,000.00

and has suffered and continues to suffer mental anguish, humiliation, mental pain and suffering, and loss of job.

102.   Defendants' conduct constitutes a willful and malicious violation of Plaintiff's rights under 42 U.S.C. § 1983 for which Plaintiff is entitled to recover nominal, actual, compensatory and or punitive damages.

103.   WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and pursuant to 42 U.S.C. § 1988, Plaintiff seeks and requests recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT VII: CIVIL CONSPIRACY UNDER 42 U.S.C. § 1985 FOR COUNT VI VIOLATION OF EQUAL PROTECTION RIGHTS IN VIOLATION OF THE FOURTEENTH AMENDMENT

104.   Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 103 as if fully set forth herein.

105.   Defendants, each of them, undertook under the color of law, the deprivation of Plaintiff's constitutionally protected rights.

106.   Defendants engaged in the deprivation of Plaintiff's Equal Protection Rights under the Fourteenth Amendment to the United States Constitution without appropriate due process with knowledge that clearly

established law required procedural due process prior to the deprivation of Equal Protection Rights.

107.   Defendants conspired and acted in furtherance of the conspiracy to deprive Plaintiff of her fundamental constitutional interests.

108.   Each action of each co-conspirator in furtherance of the conspiracy is imputed to all others in the conspiracy

109.   Defendants' conduct in furtherance of their conspiracy constitutes a violation of Plaintiff's Equal Protection Rights and failure to provide adequate procedural and substantive due process as described herein, in violation of 42 U.S.C. § 1983.

110.   As the result of the individual Defendants' conduct, each of them, Plaintiff has been damaged in a monetary amount in excess of $75,000.00 and has suffered and continues to suffer mental anguish, humiliation, mental pain and suffering, and loss of job.

111.   The individual Defendants' collective conduct constitutes a willful and malicious violation of Plaintiff's rights under 42 U.S.C. § 1983 for which Plaintiff is entitled to recover nominal, actual, compensatory and or punitive damages.

112.   WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and pursuant to

42 U.S.C. § 1988, Plaintiff seeks and requests recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT VIII:  CIVIL CONSPIRACY UNDER KANSAS STATE LAW TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE UNITED STATES CONSTITUTION

113. Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 112 as if fully set forth herein.

114. Defendants, each of them, undertook under the color of law, the deprivation of Plaintiff's constitutionally protected rights.

115. Defendants engaged in the deprivation of Plaintiff's Equal Protection Rights under the Fourteenth Amendment to the United States Constitution without appropriate due process with knowledge that clearly established law required procedural due process prior to the deprivation Equal Protection Rights.

116. Defendants are more than two people and were motivated to accomplish the taking of Plaintiff's rights, liberty right, property rights, privacy rights, parental rights, employment, and her Equal Protection Rights due to personal animus against Plaintiff.

117. Each action of each co-conspirator in furtherance of the conspiracy is imputed to all others in the conspiracy.

118.   As the result of the individual Defendants' conduct, each of them, Plaintiff has been damaged in a monetary amount in excess of $75,000.00 and has suffered and continues to suffer mental anguish, humiliation, mental pain and suffering and loss of job.

119.   The individual Defendants' collective conduct constitutes a willful and malicious violation of Plaintiff's rights for which Plaintiff is entitled to recover nominal, actual, compensatory and or punitive damages.

120.   WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT IX: VIOLATION OF THE BILL OF RIGHTS OF THE KANSAS CONSTITUTION, §§ 1, 2, AND 18

121.   Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 120 as if fully set forth herein.

122.   Defendants, each of them, as employees and/or agents of the City of Pittsburg, Kansas, and Crawford County jail undertook the actions described herein under the color and authority of law.

123.   Sections 1 and 2 of the Bill of Rights under the Kansas Constitution are given the same effect as the clauses of the Fourteenth Amendment relating to due process and equal protection of the law.

124.   Section 18 of the Bill of Rights under the Kansas Constitution provides: "All persons, for injuries suffered in person, reputation or property, shall have remedy by due course of law, and justice administered without delay."

125.   Defendants engaged in the deprivation of Plaintiff's constitutionally protected rights without appropriate procedural due process.

126.   Defendants engaged in said conduct willfully and with knowledge of clearly established law, and Defendants' conduct was and is contrary to clearly established law and they took action for the purpose of depriving Plaintiff of her fundamental constitutional rights.

127.   Defendants' conduct constitutes willful and malicious violations of Plaintiff's Kansas Constitutional rights for which Plaintiff is entitled to recover nominal, actual, compensatory, or punitive damages as well as reasonable attorney fees.

128.   As the result of the individual Defendants' conduct, each of them, Plaintiff has been damaged in a monetary amount in excess of $75,000.00 and have suffered and continues to suffer mental anguish, humiliation, mental pain and suffering.

129.    WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## COUNT X: CIVIL CONSPIRACY UNDER STATE LAW TO VIOLATE PLAINTIFF'S CONSTITUTIONAL RIGHTS UNDER THE KANSAS CONSTITUTION

130.    Plaintiff incorporates by reference all previous allegations numerated in paragraphs 1 through 129 as if fully set forth herein.

131.    Defendants, each of them, undertook under the color of law, the deprivation of Plaintiff's constitutionally protected rights.

132.    Defendants violated Plaintiff's Kansas Constitutional Bill of Rights as set forth above.

133.    Defendants are more than two people and were motivated to accomplish the taking of Plaintiff's liberty right, property rights, privacy rights, employment, and her Equal Protection Rights due to personal animus against Plaintiff.

134.    Defendants conspired and took overt action to accomplish their deprivation of Plaintiff's Constitutional rights

135.   Each action of each co-conspirator in furtherance of the conspiracy is imputed to all others in the conspiracy

136.   Defendants' conduct in furtherance of their conspiracy constitutes a violation of Plaintiff's constitutional rights.

137.   As the result of the individual Defendants' conduct, each of them, Plaintiff has been damaged in a monetary amount in excess of $75,000.00 and has suffered and continues to suffer mental anguish, humiliation, mental pain and suffering.

138.   The individual Defendants' collective conduct constitutes a willful and malicious violation of Plaintiff's rights under the Kansas Constitution for which Plaintiff is entitled to actual, compensatory and or punitive damages.

139.   WHEREFORE, Plaintiff prays for judgment against all individual Defendants in an amount in excess of $75,000.00 for nominal, actual, compensatory and/or punitive damages as available by law, and request recovery of attorneys' fees and such further and additional relief as the court deems just and equitable.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates Kansas City, Kansas as the place of trial of this action.

## **JURY TRIAL REQUESTED**

Plaintiff requests a jury trial.

## **VERIFICATION**

Plaintiff's verification page is attached hereto.

Respectfully submitted this 21st day of October 2024.

> *s/ Razmi M. Tahirkheli*
> Razmi M. Tahirkheli, #20252
> Tahirkheli & Premer-Chavez
> Law Office, L.L.C.
> 650 Minnesota Ave., 2nd Floor
> Kansas City, KS 66101
> P: 913-371-0554
> F: 913-371-0559
> Email: tpclawyers@gmail.com
> Attorney for Plaintiff

## **VERIFICATION**

STATE OF KANSAS         )
                                      ) ss:

COUNTY OF WYANDOTTE )

    I, Maryum Autumn Tahirkheli, of lawful age and duly sworn upon my oath or affirmation, state that I have read the foregoing Verified Complaint and the statements made therein pertaining to me and my claims are true and correct to the best of my knowledge, information, and belief.


Maryum Tahirkheli (Oct 21, 2024 09:27 CDT)

Maryum Autumn Tahirkheli

    On this 21st day of October 2024, before me, Roberta M. Frost, comes Maryum Autumn Tahirkheli, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that she electronically executed the same.

NOTARY PUBLIC - State of Kansas
ROBERTA M. FROST
My Appt. Exp. 8/20/28

*Roberta M. Frost*
Notary Public

Commission expires: *August 20, 2028*

*This notarial act involved use of communication technology.*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I electronically filed the Verified Complaint herein with the District Court Clerk for the District of Kansas and a true and correct copy of the above was mailed to each of the following by United States Mail, postage prepaid, on the 21st day of October 2024.

City of Pittsburg
201 W. 4th Street
Pittsburg, KS 66762

Pittsburg Police Department
201 W. 4th Street
Pittsburg, KS 66762

Frederick R. Smith
Municipal Court Judge
201 W. 4th Street
Pittsburg, KS 66762

Frederick R. Smith
Attorney at Law
P.O. Box 598
Pittsburg, KS 66762-0598

John G. Mazurek
City Prosecutor
201 W. 4th Street
Pittsburg, KS 66762

John G. Mazurek
The Mazurek Law Office
302 E. 4th, Ste. A
Pittsburg, KS 66762

Ryan Deal
Crawford County Jail
225 Enterprise Street
Girard, KS 66743

Ashton Merando
Crawford County Jail
225 Enterprise Street
Girard, KS 66743

*s/ Roberta M. Frost*
Roberta M. Frost
Legal Assistant

33